## WALSH v. BOWERY SAV. BANK.

(*City Court of New York, General Term.*  October 3, 1889.)

PLEADING—AMENDMENT—FURTHERANCE OF JUSTICE.

Where the complaint alleges a gift *inter vivos,* and evidence is introduced, without objection, showing a gift *causa mortis,* an amendment of the complaint to conform to the proofs is in furtherance of justice, within Code Civil Proc. N. Y. § 723, and was properly allowed.

Appeal from trial term.

Action by Mary Walsh against the Bowery Savings Bank. Defendant appeals from a judgment directed by the court in favor of plaintiff.

Argued before MCADAM, C. J., and McGOWN, J.

*Norwood & Coggeshall,* for appellant.    *William H. Regan,* for respondent.

PER CURIAM.    The case involved a pure question of fact, which was carefully submitted to the jury, who found in favor of the plaintiff. Their finding is satisfactory. The exceptions taken apply to the refusal of the trial

judge to dismiss the complaint because it alleged a gift *inter vivos*, and the testimony established, if anything, a gift *causa mortis*, and no proper demand was proved. The evidence clearly established a demand, with notice of the plaintiff's rights; and in defiance of such demand and notice the money claimed was paid to another. The complaint alleged an absolute gift and transfer, and under this the plaintiff was allowed, without objection, to prove a gift *causa mortis*, and the trial judge properly allowed the plaintiff to amend his complaint, then and there, by alleging a gift *causa mortis*, (Code, § 723;) in other words, by making the pleadings conform to the proofs. No one was misled or surprised, and the amendment was in furtherance of justice. We have failed to discover any error, and the judgment and order appealed from must be affirmed, with costs.